# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Tinamarie Lisa Lopez,

          Petitioner

v.

State of Nevada,

          Respondents

Case No. 2:19-cv-01294-JAD-CWH

**Order Dismissing Action**

ECF No. 1

     Tinamarie Lisa Lopez[1] brings this habeas action seeking credit toward an earlier release from custody. Because the petition is plagued by multiple procedural defects and it lacks merit on its face, I dismiss this case.

## Background

     On August 29, 2018, under a guilty plea agreement, Lopez was convicted in the state district court of one count of conspiracy to commit robbery and one count of robbery with the use of a deadly weapon.[2] On February 20, 2019, Lopez filed in the state district court a habeas corpus petition that challenged the computation of time.[3] The state district court denied the petition on June 27, 2019, and served a notice of entry of order on July 1, 2019.[4] The online

---

[1] The court's docket incorrectly spells petitioner's name as "Timmarie Lisa Lopez."

[2] *State v. Lopez*, Case No. C-18-330472-1. https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0 (report generated August 5, 2019). For this case and other cases of the Eighth Judicial District Court of the State of Nevada, the case number needs to be entered exactly on the search line. Petitioner's name in the criminal case was spelled as "Tina Marie Lopez."

[3] *Lopez v. Neven*, Case No. A-19-789651-W.

[4] ECF No. 1 at 17–18.

docket of the state district court shows that the notice was re-served on July 24, 2019. Lopez has not filed an appeal.

On April 15, 2019, while the state habeas petition was still pending, Lopez filed a federal habeas petition under 28 U.S.C. § 2254.[5] This court denied that federal petition (*Lopez I*) a week later for two reasons: (1) on its face, the petition lacked merit because petitioner was claiming that the state courts misapplied state law, and that claim is not cognizable in federal habeas corpus; and (2) Lopez had not yet exhausted her state-court remedies because her state petition still was pending. On July 26, 2019, this court received Lopez's current habeas corpus petition.[6]

**Discussion**

**A.     Incorrect Respondent**

Lopez incorrectly has named as respondent the State of Nevada. The correct respondent is the warden of the prison where Lopez is held.[7]

**B.     Second or Successive Petition**

In *Lopez I*, Lopez presented a claim that the Nevada Department of Corrections was misapplying state law to restrict her from earning statutory good-time credits. The court held that the petition lacked merit on its face because "[f]ederal habeas relief is not available 'to reexamine state-court determinations on state-law questions.'"[8] Because the court denied *Lopez I* on its merits, the current federal habeas corpus petition is a second or successive petition. Lopez was required to first obtain authorization from the court of appeals before she could file

---

[5] *Lopez v. State*, Case No. 2:19-cv-00657-KJD-VCF.
[6] ECF No. 1.
[7] Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.
[8] *Lopez I*, ECF No. 3 at 2 (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)).

another petition challenging the validity of her custody under the same judgment of conviction.[9] Because Lopez has not obtained authorization from the court of appeals, I dismiss this action.

**C. Alternatively, the petition lacks merit because it is a state-law-violation claim.**

Petitioner claims that she is not receiving statutory good-time credit toward the minimum term of her sentence and eligibility for parole under Nev. Rev. Stat. § 209.4465(7)(b). Nevada's parole system does not create any liberty interests protected by the United States Constitution.[10] As the court noted in *Lopez I*, this is purely a question of state law. This court cannot reexamine state-court decisions on state-law questions.[11]

**D. Alternatively, the petition lacks merit even if the court addresses state law.**

Petitioner was convicted of one count of conspiracy to commit robbery[12] and one count of robbery with the use of a deadly weapon,[13] both category B felonies. Credits earned toward an earlier release do not apply to the minimum term and parole eligibility of a person convicted of a category B felony.[14] Even if Lopez presented a claim of a federal constitutional violation, that claim is meritless because the law is being applied correctly.

## Conclusion

IT THEREFORE IS ORDERED that the Clerk of Court is directed to correct the name of petitioner to "Tinamarie Lisa Lopez";

---

[9] 28 U.S.C. § 2244(b)(3). Additionally, the claim that Lopez presents in the current petition is the same claim that she presented in *Lopez I*. That claim thus is subject to dismissal. 28 U.S.C. § 2244(b)(1).

[10] *Moor v. Palmer*, 603 F.3d 658, 662–63 (9th Cir. 2010).

[11] *McGuire*, 502 U.S. at 67–68.

[12] Nev. Rev. Stat. § 199.480(1).

[13] Nev. Rev. Stat. § 200.380(2).

[14] Nev. Rev. Stat. § 209.4465(8)(d)

IT FURTHER IS ORDERED that **this action is DISMISSED** as an unauthorized second or successive petition.  The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

And, finally, because reasonable jurists would not find this determination to be debatable or wrong, IT IS FURTHER ORDERED that a certificate of appealability will not issue.

Dated: September 9, 2019

_____
U.S. District Judge Jennifer A. Dorsey